In re Mary A. **TESTAVERDE**, Debtor.

**Nos. 04–CV–2027DRH, 04–CV–2026[1].**

United States District Court, E.D. New York.

Nov. 17, 2004.

---

1. The appeal for Docket No. 04–CV–2026 has been consolidated with No. 04–CV–2027.

This decision serves to adjudicate the appeals

Weinberg, Gross & Pergament, L.L.P., by Marc. A. Pergament, Garden City, NY, for Appellant/Trustee.

## MEMORANDUM OF DECISION AND ORDER

HURLEY, District Judge.

Pending before the Court is an appeal from the March 12, 2004 order of United States Bankruptcy Judge Stan Bernstein by the trustee of the Estate of Mary A. Testaverde ("Trustee"). For the reasons that follow, Trustee's appeal is denied and Judge Bernstein's order is affirmed.

The relevant facts and procedure are set forth in Judge Bernstein's order:

On December 16, 2002, the debtor, Mary A. Testaverde, filed a voluntary petition for relief under Chapter 7. Mark A. Pergament was appointed the interim trustee and by operation of law became the permanent trustee of the estate. On January 30, 2002, the Court issued an order allowing the trustee to retain the law firm of Weinberg, Kaley, Gross & Pergament, LLP as counsel to the trustee. Counsel to the trustee represented the trustee in the prosecution and settlement of an adversary proceeding against

from both cases.

the debtor's former spouse alleging a fraudulent conveyance. As a result of the successful prosecution of this adversary proceeding, the unsecured creditors of this estate will receive a distribution of 100%.

On November 19, 2003, counsel for the trustee submitted a fee application to the Court seeking $7,292.75 in fees for counsel, $121.77 for reimbursement of expenses for counsel and $4,848.09 in compensation for the trustee. The amount sought by the trustee is the maximum commission allowable under 11 U.S.C. § 326. An award of this amount is supported by the office of the United States Trustee and the Court agrees that the [sic] in this case the trustee is entitled to an award of the maximum commission allowable under the statute. However, when the trustee calculated the distribution in this case, he included the distributions made to the trustee's counsel. In essence, if the Court were to allow such a formula the trustee would be "double-dipping" by receiving commission on top of the fees paid to its counsel. Consistent with the Court's decision in *In re Guido*, 237 B.R. 562 (Bankr.E.D.N.Y.1999), the trustee may not include within the base of distributions any fees and costs paid to his accountants, special counsel, or his own general counsel.

A review of the trustee's final report reveals that the trustee has $50,002.19 available for distribution. As previously stated, trustee's counsel seeks fees in the amount of $7,292.75. The report further indicates that there are $31,119.50 in allowed unsecured claims. By applying the maximum statutory formula under 11 U.S.C. § 326(a), the Court determines that the trustee is entitled to a commission in the amount of $3,861.95. Trustee's counsel's fees and expenses are awarded in full.

*In re Testaverde*, No. 02–99887, slip op. at 1–2 (Bankr.E.D.N.Y. Mar. 12, 2004).

■ A district court reviews a compensation award by the Bankruptcy Court for a clear abuse of discretion. *In re United Merchants and Mfrs., Inc.*, 198 F.3d 235, 1999 WL 972653, at *2 (2nd Cir.1999) (citing *In re Arlan's Dep't Stores*, 615 F.2d 925, 943 (2d Cir.1979)); *see also Matter of Shades of Beauty, Inc.*, 95 B.R. 17, 18 (E.D.N.Y.1988) ("The reason for according the bankruptcy court such broad discretion in matters concerning compensation is that the bankruptcy court is more familiar with the actual services performed and 'has a far better means of knowing what is just and reasonable than an appellate court can have.' ") (internal quotations and citations omitted).

■ Section 326 of the Bankruptcy code governs the compensation that a trustee may receive. It provides, in relevant part:

In a case under chapter 7 or 11, the court may allow reasonable compensation ... of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000 ... upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326.

Trustee contends that Judge Bernstein's reduction of his commission "had no basis in the Bankruptcy Code and is at odds with settled case law" and thus should be reversed. (Trustee's Mem. at 5.) According to Trustee, he should be compensated separately for the cost of consulting outside counsel, and he should be able to include that cost in the calculation of his commission. Trustee submits that "the

'plain meaning' of the statutory language provides for the inclusion of a trustee's distribution to his litigation counsel in the base for calculating the trustee's commissions." (Trustee's Mem. at 6.)

■ The Court disagrees. First, the statute plainly states that the calculation is based "upon all moneys disbursed or turned over in the case by the trustee to *parties in interest.*" 11 U.S.C. § 326 (emphasis added). The statute does not define who is a "party in interest." Under that circumstance, the Court must look at the plain meaning of the words. *See United States v. Ron Pair Enters.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (holding that resolution of disputes over statutory meaning "must begin ... with the language of the statute itself"). A "party in interest" is defined as "one whose pecuniary interest is directly affected by the bankruptcy proceeding." BLACK'S LAW DICTIONARY 1122 (6th ed.1990). Trustee's counsel does not have a pecuniary interest that is directly affected by the bankruptcy proceeding. Rather, trustee's counsel is an entity hired to assist trustee, who is the administrator of the debtor's estate. Thus, the plain language of Section 326 does not include moneys given to Trustee's counsel. It follows that the moneys paid to trustee's counsel should not be included in the base for trustee's compensation. *See In re Guido*, 237 B.R. 562, 564–67 (Bankr.E.D.N.Y.1999) (holding that counsel fees paid to debtor's personal injury attorney are not includable in trustee's compensation base).

In *Guido*, the trustee sought to include in his compensation base the amount disbursed to debtor's personal injury attorney for a personal injury settlement. The bankruptcy court did not permit trustee to do so, and interpreted Section 326 to hold that a trustee's "commission can only be calculated upon the funds actually received by the trustee." *Id.* at 564. The court reasoned that the trustee should be compensated for work that he actually performs, which is reflected in his commission base by amounts distributed to parties in interest; work performed by outside counsel is not something for which the trustee should receive compensation. *See id.* at 566.

Trustee argues that here, unlike *Guido*, the settlement proceeds were not subject to a lien and that "the compensation arrangement between a client and his personal injury counsel is different in nearly every respect from the arrangement between a Chapter 7 trustee and his/her litigation counsel." (Trustee's Mem. at 8.) Trustee's attempt to distinguish *Guido* is unavailing because the underlying rationale for *Guido* and this case is the same: Section 326 provides compensation for work performed by the *trustee*, which does not include work performed by *outside counsel.*

Trustee cited two cases to support the proposition that administrative expenses are includable in his compensation base. Notably, neither case is from within the Second Circuit and thus not binding on this Court. Additionally, the Court disagrees with the rationale of both cases, as explained below. Trustee also cites Collier on Bankruptcy's 15th edition for the proposition that administrative expenses may be included in the base to calculate a trustee's compensation. (*See* Trustee's Mem. at 9) (citing 2 COLLIER ON BANKRUPTCY ¶ 326.01, at 326–19 (15th ed.1991)).[2] Al-

---

2. The Court notes that not only did Trustee give the wrong pinpoint citation, but Trustee has cited an outdated version, which has been subsequently replaced by the Revised 15th edition. While the revised edition states that administrative expenses may be included in the trustee's compensation base, the Court is not persuaded by its cited authority as ex-

though the Court may use a learned treatise to assist in reaching its determination, Collier is not binding on this Court. Especially where, as here, Collier's proposition is supported by the holding of one case with which this Court does not agree.

The sole case cited in Collier, and one of the two cases proffered by Trustee is *In re Orient River Investments*, 133 B.R. 729 (Bankr.E.D.Pa.1991). There, the bankruptcy court held that

> it is appropriate that operating trustees legitimately enhance their compensation by interpreting § 326(a) to allow disbursements made in actual operation of businesses to be included among the "moneys turned over ... to parties in interest" in calculating trustees' fees.

*Id.* at 733.

In reaching its conclusion, the *Orient* court relied on interpretations of the former Bankruptcy Code provision,11 U.S.C. § 76c(1) (repealed), which provided that trustee's compensation was calculated on a percentage of moneys disbursed "to any person," as opposed to the new section which states "to parties in interest." It found that "[c]ases interpreting former 11 U.S.C. § 76c(1) uniformly interpreted that section as including administrative costs of operating trustees to be within the category of 'funds disbursed' for purposes of computing trustees' commissions." *Id.* at 731 (citing cases). The *Orient* court recognized that Section 326 changed the language from "any persons" to "parties in interest," but rationalized that the legislative history did not reveal any intended distinction between the terms, and thus permitted the trustee to include administrative expenses among the disbursements in calculating his commission. *See id.* at 731–32.

■ With all due respect to the *Orient* court, this Court does not agree that the

bankruptcy code permits a trustee to include his administrative expenses when calculating his compensation. This conclusion does not dovetail with the plain language of the statute, as explained above. When Congress changed the language of the statute from "any persons" to "parties in interest" it presumably was aware that it was narrowing the trustee's compensation base. Had Congress desired, it could have either kept the previous statutory language, or specifically included administrative expenses within the base for calculating trustee's commission. *See In re Lan Associates XI, L.P.*, 192 F.3d 109, 117 (3d Cir.1999) (holding that "Congress did not intend to include credit bids within the trustee's compensation base" and stating that "if Congress had chosen to include property or other consideration in the trustee's compensation base, it certainly knew how to do so"). However, it did not. As stated above, when interpreting a statute, the Court must first look to the language of the statute. Where, as here, the meaning is evident, the Court need not search further in order to expand or restrict the statute. *See In re New England Fish Co.*, 34 B.R. 899, 902 (Bankr.Wash. 1983) (holding that under "the plain and unambiguous wording of section 326(a), this Court concludes that the trustee's compensation must be based on actual monies disbursed to parties in interest, and not on assets or settlements which can be construed as a constructive disbursement. If Congress had intended anything more, it would have said so. It is not within the province of this Court to depart from or enlarge upon the specific wording of the statute. Even though this may be a case where the trustee's efforts deserve compensation in excess of the maximum allowable under the law, the solution is not with the Court but with Congress.").

plained in text. *See* 3 COLLIER ON BANKRUPTCY ¶ 326.02(2)(e) (15th ed. revised 2004).

The second case cited by Trustee, *In re North American Oil & Gas,* 130 B.R. 473 (Bankr.W.D.Tex.1990), is also not persuasive. After reviewing certain statutory sections (indicated below), the court concluded that "disbursements to professionals and disbursements in payment of administrative expenses ... are includable in the [trustee's] base." *Id.* at 478. The court's rationale states:

> Section 726 directs the trustee to "distribute" property of the estate in accordance with the priority scheme set out therein. 11 U.S.C. § 726(a). Section 704(1) in turn imposes upon the trustee the duty to, *inter alia,* "collect and reduce to money the property of the estate...." 11 U.S.C. § 704(1). One of the distributions of property the trustee is required to make is one "in payment of claims of the kind specified in ... section 507...." 11 U.S.C. § 726(a)(1). Section 507 in turn sets out the priorities in which payments are to be made, starting with administrative expenses allowed under section 503(b). 11 U.S.C. § 507(a)(1). Section 503(b)(1) authorizes the allowance, as an administrative expense, of post-petition claims arising from the actual, necessary costs and expenses of preserving the estate, including wages, salaries, and commissions for services rendered to the estate post-petition. 11 U.S.C. § 503(b)(1)(A).

*Id.* This Court has reviewed each of the cited statutory sections—726, 704, 503, 507—and has not found authorization to include trustee's counsel fees in the base for his compensation. The court in *In re North American Oil & Gas* appears to focus on the term disbursements, or distributions, but makes no mention of the limiting phrase "to parties in interest." While the former bankruptcy code section may have permitted disbursements "to any person" to be included in the trustee's base,

the statutory language no longer contains such a broad phrase. Contrary to Trustee's assertions, the black letter law does not include fees paid to trustee's counsel in the computation of trustee's commission. *See In re Pink Cadillac Associates,* No. 96 CV 4571, 1997 WL 164282, at *5 (S.D.N.Y. Apr.8, 1997) (construing Section 326 literally to hold that "the bankruptcy court should not have included the amount of the credit-bid as 'moneys disbursed' in calculating the maximum compensation the Trustee could receive"). Accordingly, Judge Bernstein's decision to exclude attorney's fees from the calculation of Trustee's compensation was not an abuse of discretion.

### CONCLUSION

For the foregoing reasons, the Trustee's appeal is DENIED and Judge Bernstein's decision is AFFIRMED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**