**In re Henry T. NARDELLI, Joyce A. Nardelli, Debtors.**

**No. 6:03–bk–05981–KSJ.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 28, 2005.

David R. McFarlin, Wolff, Hill, McFarlin & Herron, P.A., Orlando, FL, for Debtors.

Carla Musselman, Maitland, FL, trustee.

John H. Meininger, III, Orlando, FL, for trustee.

*MEMORANDUM OPINION OVERRUL-
ING DEBTOR'S OBJECTION TO
TRUSTEE'S APPLICATION FOR
COMPENSATION*

KAREN S. JENNEMANN, Bankruptcy
Judge.

The Chapter 7 trustee, Carla Mussel-
man, has requested compensation for her
services in this case of $1,125.92 (Doc. No
86).[1] The debtor, Joyce Nardelli, objects,
contending that the trustee's maximum fee
is limited to $679 (Doc. No. 87).[2] Because
the trustee's maximum compensation is
limited to a percentage of the distributions
she makes to "parties in interest," the
issue is whether the fees and costs distrib-
uted by the trustee to her attorney should
be included in the base calculation. The
issue turns on whether a trustee's profes-
sionals are included in the definition of a
"party in interest."

■ Bankruptcy Code[3] Section 326(a)
addresses the limitations on compensation
for a Chapter 7 trustee. A Chapter 7
trustee is entitled to receive reasonable
compensation for his or her services, in an
amount "not to exceed 25 percent on the
first $5,000 or less ... upon all monies
disbursed or turned over in the case by the
trustee to **parties in interest**, excluding
the debtor, but including holders of se-
cured claims." 11 U.S.C. § 326(a) (empha-
sis added).

In this case, one of the debtors, Henry
Nardelli, died after the case was filed.
Ultimately, the trustee received $22,020.08
into the bankruptcy estate, primarily from
proceeds paid under Mr. Nardelli's life
insurance policy. The vast majority of

these funds will be paid to Mrs. Nardelli
because only three creditors filed unse-
cured claims totaling $2,713.66. If the
trustee's 25 percent commission was calcu-
lated on these limited distributions, she
would be entitled to receive a maximum
commission of approximately $679, adjust-
ed slightly upward for any interest dis-
bursed to the unsecured creditors (25% ×
$2,713.66 = $678.42).

However, the trustee previously had
hired a lawyer, John Meininger, to assist
her in this case. Mr. Meininger seeks fees
of $1,725 and costs of $65. If these fees
and costs were added to the amount of
unsecured claims, the trustee's maximum
commission would increase to $1,125.92,
again subject to upward adjustments for
any interest paid to parties in interest
(($2,713.66 + $1,725 + $65) × 25% =
$1,125.92).

The debtor asserts that the trustee's
compensation is limited to $679. The trus-
tee asserts that she is entitled to $1,125.92.
The Court finds that, absent the limita-
tions set forth in Section 326(a) of the
Bankruptcy Code, a reasonable compensa-
tion for the trustee's services would exceed
the higher amount. Therefore, the issue is
whether the 25 percent maximum commis-
sion is properly based only on disburse-
ments to claim holders, or whether Mr.
Meininger's fees and costs can be added to
the base, thereby increasing the trustee's
compensation.

In determining the maximum trustee
compensation allowed under Section
326(a), courts routinely include disburse-
ments made to administrative creditors in

---

1. The trustee requested compensation in her
   Notice of Final Report of Trustee and Applica-
   tion for Compensation filed by United States
   Trustee (Doc. No. 86).

2. The debtor challenged the trustee's compen-
   sation in her Objection by Debtors to Notice

of Final Report and Application for Compen-
sation (Doc. No. 87).

3. Unless otherwise stated, all references to
   the Bankruptcy Code herein refer to Title 11
   of the United States Code.

the calculations. *See, e.g., In re Orient River Investments, Ltd.,* 133 B.R. 729 (Bankr.E.D.Penn.1991) (including a trustee's legitimate compensable operating expenses in the base); *In re North American Oil & Gas, Inc.,* 130 B.R. 473, 478 (Bankr.W.D.Tex.1990) (concluding that "disbursements to professionals and disbursements in payment of administrative expenses under Section 503(b)(1)(A) are includable in the base 'all moneys disbursed or turned over to parties in interest' for purposes of calculating the maximum trustee's compensation allowed under Section 326(a)") (*citing In re Wallace,* 14 F.2d 534, 537 (E.D.Okla.1926), *aff'd sub nom., McMillan v. United States Fidelity & Guar. Co.,* 22 F.2d 155 (8th Cir.1927) (construing Section 48(c) of the Bankruptcy Act of 1898)); 11 U.S.C. § 326(a); 3 COLLIER ON BANKRUPTCY ¶ 326.02[2][e] at 326–11 (15th ed., revised 2002) ("The disbursements on which the trustee's compensation is based include administrative expenses, such as compensation to professional persons or expenses necessarily incurred in administering the estate.").

Administrative creditors include those supplying post-petition goods or services that benefit the estate. 11 U.S.C. § 503. A typical example of such a creditor is a utility company that continues to supply electricity to the debtor post-petition. The trustee's professionals are just a different type of administrative creditor. In many cases, the trustee deems it prudent to hire an attorney, perhaps to handle litigation, or an accountant, perhaps to complete a necessary tax return. In each case, the professional is retained to handle a specific task and is entitled to reasonable compensation only to the extent they provide a necessary benefit to the estate. As such, these professionals are similar to a utility company that supplies electricity to a debtor's warehouse. Both enhance the value of the estate in order to maximize the recovery to creditors. However, if either the utility company or the attorney *fails* to supply any service of value to the estate, neither is entitled to receive any compensation.

The debtor asserts that the trustee's professionals should be treated differently from other types of administrative creditors, arguing that the trustee's retained professionals do not constitute "parties in interest." The United States District Court and the Bankruptcy Court for the Eastern District of New York addressed this issue, respectively, in *In re Testaverde,* 317 B.R. 51 (E.D.N.Y.2004) and *In re Guido,* 237 B.R. 562 (Bankr.E.D.N.Y. 1999). In both cases, the courts held that the trustee, in calculating a maximum fee, could not include fees and costs paid to his own professionals, such as accountants or lawyers, because they did not qualify as parties in interest. Specifically, in *Testaverde,* the court held that the term "party in interest," as defined by BLACK's LAW DICTIONARY, included "one whose pecuniary interest is directly affected by the bankruptcy proceeding" and that the trustee's professionals did not hold this type of interest. 317 B.R. at 54 (*citing* BLACK's LAW DICTIONARY 1122 (6th ed.1990)).

■ Such an interpretation of "party in interest" is too constrictive. The term "party in interest" should be construed broadly, not narrowly. *Public Service Co. of New Hampshire,* 88 B.R. 546, 550 (Bankr.D.N.H.1988) (*citing In re Johns–Manville Corp.,* 36 B.R. 743 (Bankr. S.D.N.Y.1984)); *In re Tarrer,* 273 B.R. 724 (Bankr.N.D.Ga.2001) (ruling that certain parties had sufficient interests to be deemed "parties in interest" notwithstanding the fact that they were neither debtors, creditors, nor trustees); *Orient River,* 133 B.R. at 731 (comparing the language of

Bankruptcy Act § 48(c)(1), basing the relevant computation on "monies disbursed or turned over ... *to any person*," with the language of Bankruptcy Code § 326(a), which bases the computation on distributions to "*parties in interest*" and concluding, given the lack of legislative history evincing otherwise and the dearth of case law contrasting the two provisions, that "realistically there can be no distinctions between the definition of 'any person' in Bankruptcy Act § 48(c)(1) and 'parties in interest' as under Code § 326(a) for the purpose of interpreting Code § 326.").

Trustees hire attorneys and accountants every day to help them administer bankruptcy cases. Each retained professional certainly expects to get paid. Moreover, they certainly do *not* expect the trustee to pay the fees from his or her own personal funds. Instead, the retained professionals expect to be paid, if at all, from the distributions made by the trustee to creditors in the case. If BLACK'S LAW DICTIONARY provides the appropriate definition, it is apparent that these retained professionals *do* have pecuniary interests affected by the bankruptcy proceeding; they either will or will not be paid depending on the monies gathered and distributed by the trustee. Therefore, this Court rejects the analysis of the courts in *Testaverde* and *Guido* and holds that professionals retained by Chapter 7 trustees qualify as "parties in interest." Fees and costs paid to the trustee's counsel are properly included in the base used to calculate the maximum compensation payable to the trustee.

The debtor's Objection is overruled. The trustee is entitled to include the amount of Mr. Meininger's fees and costs in calculating her maximum compensation under Bankruptcy Code Section 326(a). The amount will be slightly in excess of $1,125.92 because some upward adjust-ment attributable to interest paid to parties in interest is appropriate. The Court further finds that the maximum allowance is a reasonable compensation for the services provided by the trustee in this case. A separate order consistent with this opinion shall be entered.