**In re Rachel McBREARTY, Debtor.**

**No. 804–83813–511.**

United States Bankruptcy Court,
E.D. New York.

Dec. 30, 2005.

Adam C. Gomerman, Huntington Station, NY, for Debtor.

## DECISION

### (Re: Chapter 7 Trustee Compensation)

MELANIE L. CYGANOWSKI,
Bankruptcy Judge.

In this case, the Chapter 7 Trustee seeks approval of his statutory compensation calculated pursuant to 11 U.S.C. § 326. The particular issue presented is whether the trustee is entitled to statutory compensation based upon funds distributed to administrative claimants in view of the *Testaverde* and *Stein* decisions recently rendered by the United States District Court for the Eastern District of New York. *See In re Testaverde,* 317 B.R. 51 (E.D.N.Y.2004)(Hurley, J.), and *In re Stein,* Case No. 04–CV–3196 (ADS) (E.D.N.Y. March 25, 2005) (Spatt, J.). For the reasons that follow, this Court finds that the Chapter 7 trustees are not *per se* prohibited from basing their statutory compensation on funds distributed to administrative claimants, but, consistent with the *Testaverde/Stein* rationale, they may not base their compensation on funds paid to professionals retained under 11 U.S.C. § 327 and compensated under 11 U.S.C. § 330.

### FACTS

#### The Ciminelli Case [1]

On April 25, 2005, Allan B. Mendelsohn ("Mendelsohn"), the Chapter 7 Trustee of the estate of Suzette Ciminelli, filed an application for compensation for his services as trustee in the case. Mendelsohn sought statutory commissions of $7,302.13 as provided by Section 326 of the Bankruptcy Code. This compensation was calculated based on $81,042.62 of total disbursements to "parties in interest, excluding the Debtor, but including holders of secured claims." The Chapter 7 administrative expenses totaled $41,582.47 of the overall disbursements of $81,042.62 and were comprised of the following:

| | |
|---|---|
| Trustee's statutory compensation | $ 7,302.13 (commissions)<br>$ 86.50 (expenses) |
| Trustee's counsel: LaMonica, Herbst & Maniscalco LLP ("LHM") | $33,743.84 (fees and expenses) |
| Court filing fees | $ 450 |

The Office of the United States Trustee ("UST") objects to Mendelsohn's commission, arguing that the *Testaverde/Stein* decisions prohibit a Chapter 7 trustee from calculating his Section 326 compensation based upon distributions made on administrative claims, which includes the fee request of his retained professionals. Consequently, the UST argues that the maximum compensation that should be allowed to the *Ciminelli* Trustee is $4,900.

In response to the UST objection, Mendelsohn makes several arguments. First, he urges that *Testaverde* and *Stein* were

---

1. *See In re Suzette Ciminelli, Case No. 802–88326–511* (the *"Ciminelli* Case"). The *Ciminelli* Case was the first case in which the issues presently pending before the Court were briefed. Because of the extensive briefing presented by the *Ciminelli* Trustee, other Chapter 7 Trustees thereafter simply "joined in the arguments presented by the *Ciminelli* Trustee." As it happened, however, after oral argument and after the motion was taken under submission by the Court for decision, the *Ciminelli* Trustee withdrew, without prejudice, his application for compensation for his services as trustee and for the services of his counsel because additional assets were discovered that will cause the administration of the *Ciminelli* estate to remain open for a time beyond the final meeting of creditors. Nonetheless, since other Chapter 7 Trustees relied so heavily upon and "adopted" the arguments presented by the *Ciminelli* Trustee, the Court believes it is appropriate to include his arguments within this decision.

wrongly decided and that these cases disregard clearly established caselaw. Secondly, relying upon *In re KAR Development Associates, LP,* 180 B.R. 629 (D.Kan. 1995); and *In re Carrozzella & Richardson,* 255 B.R. 267 (Bankr.D.Conn.2000), Mendelsohn asserts that this Court is not bound by the *Testaverde/Stein* decisions because they are but District Court decisions. Third, Mendelsohn points out that the bankruptcy judge whose decisions were both affirmed in *Testaverde* and *Stein* disagrees with the District Court's broad rule which excludes all administrative claims from the calculation of a trustee's compensation. *See In re Enrico Vona,* Case No. 803–86782–288 (Amended Decision entered on November 10, 2005). Finally, Mendelsohn argues that *Testaverde* and *Stein* are factually distinguishable from the Ciminelli case because (a) in *Stein,* nearly all of the estate assets were being used to pay the trustee and his counsel, and (b) in *Testaverde,* the trustee retained his own law firm to act as his counsel.

The UST filed a Memorandum of Law in further support of its objection to the compensation sought by the Chapter 7 Trustee in the *Ciminelli* Case. The UST argues that the *Testaverde/Stein* decisions both focused on the plain language of Section 326 which provides that compensation may only be calculated based on distributions to "parties in interest." The UST further contends that both Judges of the District Court found that the plain language of the statute leaves no conclusion other than that administrative professionals are not "parties in interest" within the meaning of Section 326. In this regard, the UST points out that, in *Testaverde,* the Court went even further by saying that it "does not agree that the bankruptcy code permits a trustee to include his administrative expenses when calculating his compensation." *Testaverde,* 317 B.R. at 55. Lastly,

the UST urges that neither *Testaverde* nor *Stein* are distinguishable from the facts of these cases and that all of Mendelsohn's arguments were considered and rejected by the District Court within the *Testaverde/Stein* decisions.

### The McBrearty Case

The facts of the *McBrearty* case captioned above and the issues to be decided herein are nearly identical to the *Ciminelli* Case. In both of these cases, the Chapter 7 trustee seeks a statutory commission based in part on the fees to be paid to his professionals. The UST objects to the trustee's commissions on the same grounds as it did in *Ciminelli.* The relevant facts of the *McBrearty* case are summarized as follows:

Marc A. Pergament ("Pergament"), the Chapter 7 Trustee of the McBrearty estate, filed an application for compensation seeking statutory commissions of $2,501.05. This commission was based on $17,510.46 of total disbursements to "parties in interest, excluding the Debtor, but including holders of secured claims." Of this $17,510.46 in total disbursements, $8,216.87 was for Chapter 7 administrative expenses. The administrative expenses were comprised of the following:

| | |
|---|---|
| Trustee's statutory compensation | $2,501.05 (commissions)<br>$ 0.00 (expenses) |
| Trustee's counsel: Weinberg Gross & Pergament LLP | $5,565.82 (fees and expenses) |
| Court filing fees | $ 150 |

In the *McBrearty* case, Pergament echoed Mendelsohn's arguments that this Court is not bound by the decisions of the District Court in *Testaverde* and *Stein* and also pointed out that in the recent case of *In re James McQueen,* Case No. 803–87785–288, Judge Bernstein declined to follow the decisions of *Testaverde* and *Stein.*

The UST opposed Pergament's compensation request on the same grounds as in *Ciminelli*.

## DISCUSSION

Section 326(a) of the Code provides that,

> [i]n a case under chapter 7 or 11, *the court may allow reasonable compensation* under section 330 of this title of the trustee for the trustee's service, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, *upon all moneys disbursed or turned over in the case by the trustee to parties in interest,* excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326 (emphasis added). The issue squarely presented in *Testaverde* and *Stein* was whether administrative claimants are "parties in interest" within the meaning of this provision. Both District Court Judges concluded that they are not and that, consequently, the statutory commission of a Chapter 7 trustee cannot be properly based upon distributions made to the trustee's professionals.

More specifically, in the *Testaverde* case, the Chapter 7 trustee retained counsel to represent him in connection with the prosecution of a fraudulent conveyance adversary proceeding for the benefit of the Chapter 7 estate.[2] The trustee sought the maximum statutory compensation of $4,848.09 which was based on total distributions, which included a $7,414.52 distribution to his counsel for attorneys' fees and expenses. On these facts in the *Testaverde* case, Bankruptcy Court Judge Stan Bernstein found that,

> when the trustee calculated the distribution in this case, he included the distributions made to the trustee's counsel. In essence, if the Court were to allow such a formula the trustee would be "double-dipping" by receiving commission on top of the fees paid to its counsel. Consistent with the Court's decision in *In re Guido,* 237 B.R. 562 (Bankr.E.D.N.Y.1999), the trustee may not include within the base of distributions any fees and costs paid to his accountants, special counsel, or his own general counsel. A review of the trustee's final report … indicates that there are $31,119.50 in allowed unsecured claims. By applying the maximum statutory formula under 11 U.S.C. § 326(a), the Court determines that the trustee is entitled to a commission in the amount of $3,861.95.[3]

The District Court affirmed Judge Bernstein's holding. In so doing, the District Court examined the plain meaning of the term "party in interest." *United States v. Ron Pair Enterprises,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The District Court noted that the definition of "party in interest" is "one whose pecuniary interest is directly affected by the bankruptcy proceeding." *Black's Law Dictionary* 1122 (6th ed.1990). Based on this definition, the District Court found that the term "parties in interest" as found

---

**2.** *See In re Testaverde,* 317 B.R. 51 (E.D.N.Y. 2004) (Hurley, J.).

**3.** *See In re Testaverde,* Case No. 802–88997–288, oral decision on March 2, 2004, and Order, dated March 12, 2004. It appears that this commission was calculated based on the assumption that all of the $31,119.50 monies in the estate were distributed to the general unsecured creditors.

within Section 326 does *not* include a trustee's counsel because counsel does not have a pecuniary interest that is directly affected by the bankruptcy proceeding. The District Court thus reasoned that the trustee's statutory commission cannot be based on a distribution to trustee's counsel. Going beyond the facts of the case, the District Court further stated in *dicta* that the Code does not permit a trustee to include his "administrative expenses" (*i.e.,* the sum of his commissions) when calculating his compensation. *Testaverde,* 317 B.R. at 55.

The circumstances presented in *Stein* are similar. In *Stein,* the trustee's retained counsel successfully prosecuted two adversary proceedings: the first resulted in the denial of the Debtor's discharge, and the second resulted in the settlement of a fraudulent conveyance action for a $40,000 benefit to the estate. This $40,000 settlement was the only asset available for distribution to creditors. For their work in the case, the trustee's counsel filed an application for compensation in the amount of $27,610.67 (reflecting a $47,011.63 voluntary reduction in fees), and expenses in the amount of $7,138.84. The trustee filed a request for statutory compensation in the amount of $4,755.50, which was calculated based upon a total estate of $40,055.01 (presumably including the $40,000 settlement plus some interest). Thus, in *Stein,* even with the significant voluntary reduction of fees by trustee's counsel, nearly all of the funds in the estate were to be distributed to the trustee and his counsel with little, if any, distribution to the general unsecured creditors. Based on these facts, Judge Stan Bernstein denied the trustee's statutory compensation in its en-

tirety, finding that "[b]y definition, the trustee's general counsel is neither a creditor nor a party in interest." The bankruptcy court further reasoned that a proposed distribution, that included only the trustee's counsel, did not allow the trustee to seek compensation. On appeal, the District Court agreed and adopted the reasoning of *Testaverde* in affirming.[4]

■ It is in the aftermath of the District Court decisions in *Testaverde* and *Stein* and the Bankruptcy Court decision in *Vona,* that this controversy comes before this Court. As a general matter, this Court agrees with the *Ciminelli* Trustee that it is not "bound" by the District Court decisions in *Testaverde* and *Stein.* As the District Court explained in *In re KAR Development Associates, LP,* 180 B.R. at 640,

> The better view, the one which reflects an understanding of the court structure and the nature of *stare decisis,* is that because district court bankruptcy decisions do not bind other district judges within the same district, they are not binding on bankruptcy courts either. *See In re Abernathy,* 150 B.R. 688, 693 n. 7 (Bankr.N.D.Ill.1993); *In re Globe Illumination Co.,* 149 B.R. 614, 619 (Bankr.C.D.Cal.1993); *In re Shattuc Cable Corp.,* 138 B.R. 557, 566–67 (Bankr. N.D.Ill.1992).

This reasoning was echoed by Chief Bankruptcy Judge Albert S. Dabrowski where, in the *Carrozzella & Richardson* decision, 255 B.R. at 272, he stated:

> It is widely accepted that the decision of one district court judge is not binding on another district judge, even within the

---

**4.** There is a third case from this District which was cited favorably by the District Court in *Testaverde.* In *In re Guido,* 237 B.R. 562 (Bankr.E.D.N.Y.1999), Judge Bernstein held that a Chapter 7 trustee's commission could not include contingency fees or expenses paid directly to a debtor's personal injury counsel on the basis that these funds were not "actually received," *i.e.,* they were only "constructively received."

same district. *E.g., Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366 (3rd Cir.1991). Logically then, a judge of the bankruptcy court—a unit of the district court, 28 U.S.C. section 151—is not bound by the decision of a single district court judge.... [citations omitted] To view district court decisions as binding on bankruptcy judges, but not other district judges, potentially places a bankruptcy judge in the impossible position of simultaneously following two or more conflicting district precedents.

 Nonetheless, this Court also agrees with the underlying philosophy expressed by Chief Bankruptcy Judge Michael J. Kaplan in *In re Phipps*, 217 B.R. 427, 430–31 (Bankr.W.D.N.Y.1998), in which he states:

My own view (a dogmatic view, perhaps) is that any court whose decisions (even if unanimous) are subject to reversal by a single judge of another court is "inferior" to the reversing court for *stare decisis* purposes.... [Moreover, t]he Second Circuit Court of Appeals has addressed this issue [in *Whiting Pools*, 674 F.2d 144 (2d Cir.1982) ] and resolved it in favor of a bankruptcy judge being bound by the earlier decision of a single district judge who sits in a multi-judge district court, even though the earlier decision was in a different case.... Some believe that the 1984 amendments made the bankruptcy courts more constitutional by making them more subordinate to the district court. I agree. Consequently, I find that efforts to read the bizarre, but functional, 1984 amendments in such a way as to render the bankruptcy courts less inferior for *stare decisis* purposes than they were in 1981, rest on too slender a reed to stand.

It is for this reason, without regard to how one might characterize the precedential relationship between the courts, that this Court concludes that it cannot ignore the holdings of *Testaverde* and *Stein*. By these decisions, *two* esteemed District Court Judges independently considered the rulings and rationale of my colleague, Judge Stan Bernstein, and affirmed his decisions. Notwithstanding the *Vona* decision in which Judge Bernstein has clarified the reasoning in his earlier decisions, this Court believes it is compelled to apply the holdings in *Testaverde* and *Stein*.

Nor is the Court persuaded that the facts in the underlying *Testaverde* and *Stein* cases are distinguishable from those that appear in the two cases captioned above. While the facts may be *different* in certain respects, this Court believes that they would not have made a difference in the District Court's analysis in either *Testaverde* or *Stein*, and therefore they are not truly distinguishable.

 On the other hand, this Court does not believe that it is bound by *dictum* of the *Testaverde* District Court. *See, e.g., Hernandez v. Greiner*, 305 F.Supp.2d 216, 228 (E.D.N.Y.2004)(quoting *United States v. Bell*, 524 F.2d 202, 206 (2d Cir.1975)). "Gratis dictum" is defined in Black's Law Dictionary as:

1. A voluntarily statement; an assertion that a person makes without being obligated to do so. 2. *A court's stating a legal principal more broadly than is necessary to decide the case.* 3. A court's discussion of points or questions not raised by the record or its suggestion of rules not applicable in the case at bar.

Black's Law Dictionary 485 (8th edition) (emphasis added).

It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are

used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.

*Cohens v. Virginia*, 6 Wheat. 264, 19 U.S. 264, 398, 5 L.Ed. 257 (1821).

The precise issue presented and decided by the District Court in both *Testaverde* and *Stein* was whether the trustee could base his statutory commission upon distributions made to his retained professionals. This Court believes that the statement in the *Testaverde* decision that "this Court does not agree that the bankruptcy code permits a trustee to include his *administrative expenses* when calculating his compensation," *Testaverde*, 317 B.R. at 55 (emphasis added), went beyond the facts of that case and was either a misstatement or was stated in *dicta* which is not binding. While this Court agrees that the trustee's professional's fees are administrative expenses, 11 U.S.C. § 503(b)(2), there are other categories of administrative expense that do not involve the trustee's professionals and which would likely be considered distributions to

"parties in interest" under the District Court's plain meaning analysis. *See In re Nardelli*, 327 B.R. 488, 490 (Bankr. M.D.Fla.2005). More specifically, compensation of professionals employed under Section 330 of the Code is but one example of an administrative claim. 11 U.S.C. § 503(b)(2). Administrative expense claims include all "actual, necessary costs and expenses of preserving the estate" which can mean many different things depending upon the case.[5] 11 U.S.C. § 503(b)(1)(A); *Nardelli*, 327 B.R. at 490 ("Administrative creditors include those supplying post-petition goods or services that benefit the estate. A typical example of such a creditor is a utility company that continues to supply electricity to the debtor post-petition").

The Court, therefore, will not apply the *Testaverde* and *Stein* decisions as a *per se* rule that a Chapter 7 trustee may not base his statutory compensation upon distributions made to administrative claimants. However, for all the reasons expressed herein, this Court will follow the direct holdings of the *Testaverde* and *Stein* decisions which limit the compensation of Chapter 7 trustees, pursuant to Section 326, such that their statutory commissions may not be calculated based upon distributions to their legal professionals.

Accordingly, this Court upholds the objection of the UST to the extent that the trustee's statutory compensation is based

---

**5.** The Court also finds it notable that when the *Testaverde* District Court made the broad statement about administrative expenses not being included in the trustee's commission base, it did so in the context of disagreeing with the holding in *In re Orient River Investments, Ltd.*, 133 B.R. 729 (Bankr.E.D.Pa. 1991). The facts of the *Orient River* case, however, were distinguishable from the facts of *Testaverde* and the cases before this Court today. The holding in *Orient River* that administrative expenses were properly included in the trustee's commission base was limited to cases involving an *operating* trustee. As the *Orient River* court stated, "[w]e hold that, considering the extensive scope of duties which operating trustees perform for debtors' estates, beyond that of trustees who merely liquidate debtors' estates, operating costs are properly included in the computation." *Orient River*, 133 B.R. at 729. Clearly, there is a significant difference between operating and liquidating cases.

upon fees paid to any of the trustee's professionals and denies, in part, the request of the Chapter 7 Trustee for compensation to the extent that the same is calculated based upon distributions to his professionals retained under 11 U.S.C. § 327 and compensated under 11 U.S.C. § 330.

The Court directs the Chapter 7 Trustee to settle an order consistent with this Decision upon the Debtor, her counsel and the United States Trustee.